```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| THE ESTATE OF EZEQUIEL CASTRO RIVERA, et al., | |
| Plaintiffs, | Civil No. 04-2324 (JAF) |
| v. | |
| FERNANDO FAGUNDO, et al., | |
| Defendants; | |
| THE PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, | |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| L.P.C.&D. INC. and AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO, INC., | |
| Third-Party Defendants. | |

**O R D E R**

Plaintiffs, Aurora Adames, Ida L. Castro, the estate of Ezequiel Castro Rivera, and Ramón E. Castro, filed the present action against Defendants, Fernando Fagundo, Héctor López, the Puerto Rico Highway and Transportation Authority ("PRHTA"), and unnamed persons and insurance companies, alleging violations under 42 U.S.C. § 1983 (2003 & Supp. 2004) and various state laws. Docket Document No. 1. Defendants Fernando Fagundo, Héctor López,

and PRHTA moved to dismiss on various grounds. Docket Document Nos. 27, 30, 33. On April 20, 2005, we dismissed all claims against all Defendants. Docket Document No. 62. We found, inter alia, that Plaintiff's claims against Defendants Fernando Fagundo and PRHTA "[were] sufficiently similar to [Plaintiff's previous federal actions] to support a finding of res judicata." Docket Document No. 62. On the basis of our decision, Defendant PRHTA moves for attorney's fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Civil Rule 54. Docket Document No. 64.

In the absence of legislation providing otherwise, litigants in the United States must generally pay their own attorney's fees. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415 (1978). Under 42 U.S.C. § 1988, the court may, in its discretion, award attorney's fees to prevailing parties in civil rights actions. 42 U.S.C. § 1988 (2003 & Supp. 2004); see Tang v. State of R.I., Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998). In civil rights cases, "fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception. Thus . . . a prevailing defendant is entitled to [an attorney's fee] only if she can establish that the plaintiffs' suit was totally unfounded, frivolous, or otherwise unreasonable." Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994) (citations omitted) (applying standard set

forth in Christiansburg, 434 U.S. at 421). Accordingly, "[D]ecisions to grant defendants their fees are, and should be, rare." Tang, 163 F.3d at 13.

The standard for awarding attorney's fees to a prevailing defendant is even more stringent when a pro-se plaintiff is involved. See Hughes v. Rowe, 449 U.S. 5, 15-16 (1980); Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir. 1987) ("The Christiansburg standard is applied with particular strictness in cases where the plaintiff proceeds pro se."). Where a pro-se plaintiff has lost, "[c]ourts should consider a pro se plaintiff's ability to recognize the objective merit of his claims before awarding fees to a successful defendant." Greenier v. Pace, Local No. 1188, 245 F. Supp. 2d 247, 250 (D. Me. 2003). "[A] pro se plaintiff may be held accountable for her actions only where plaintiff knows a claim is groundless." Id. (citing Miller, 827 F.2d at 620). Furthermore, a district court "retains discretion to deny or reduce fee requests after considering the nuances of a particular case." Tang, 163 F.3d at 15; see also Adkins v. Briggs & Stratton Corp., 159 F.3d 306, 307 (7th Cir. 1998) (holding that a court is not required to award attorney's fees to a defendant, and even though attorney's fees may be appropriate, they are not mandatory).

In light of the standards set forth above, we decline to award attorney's fees to PRHTA. We can think of no better way to

Civil No. 04-2324 (JAF)                                                        -4-

summarize our reasoning than to quote the court in <u>Greenier</u>: "Plaintiff's persistent frivolity reflects a zealous advocacy of his underlying claims rather than bad faith.  Indeed, the content and volume of the filings highlight Plaintiff's questionable ability to recognize the legal merit of his actions." 245 F. Supp. at 250.

Although we ultimately decided against Plaintiffs and dismissed their claims, Plaintiffs clearly believed they had new grounds for suit. <u>Docket Document Nos. 62, 1</u>.  PRHTA cites <u>Rivera Carbana v. Cruz</u> for the proposition that pro-se plaintiffs may not "use the Court without restraint as an instrument to harass defendants." 588 F. Supp. 80 (D.P.R. 1984).  We do not believe Plaintiffs intended to harass defendants, but rather sought relief to which they felt entitled, on grounds which they thought colorable.  We, therefore, deny PRHTA's motion for attorney's fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of June, 2005.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge